UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AMC DEMOLITION SPECIALISTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-466 |
| | ) | (Shirley) |
| BECHTEL JACOBS COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 9].

Professional Project Services, Inc. ("Pro2Serve") moves, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for an Order permitting it to intervene in this action. For grounds, Pro2Serve states that the plaintiff AMC Demolition Specialists, Inc. ("AMC") seeks to collect from Bechtel Jacobs Company, LLC ("Bechtel Jacobs") funds that AMC claims are owed to it under Contract No. 239000-BA (the "project"). Pro2Serve states that it subcontracted with AMC to perform work on the project, and that AMC owes Pro2Serve for this work. Pro2Serve consents to the jurisdiction of the undersigned, and it asserts that intervention will not delay or prejudice the adjudication of the rights of the original parties to this action. [Doc. 16].

The present motion was filed July 7, 2005. No response or opposition has been filed to the motion.

Rule 24 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: . . . (2) where an applicant's claims or defense and the main action have a question of law or fact in common . . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the right of the original parties.

The Court finds that Pro2Serve should be permitted to intervene in this action. Pro2Serve has demonstrated that it has an interest relating to the transaction at issue, and that disposition of this matter may impair or impede Pro2Serve's ability to protect that interest. Further, the Court finds there are common questions of law or fact concerning the extent and value of work performed on the project. Finally, the Court finds that permitting Pro2Serve to intervene in this action will not unduly delay or prejudice the adjudication of the original parties' rights.

For these reasons, Pro2Serve's Motion for Permission to Intervene [Doc. 17] is **GRANTED**. Pro2Serve is hereby **DIRECTED** to file its Intervening Complaint within ten (10) days of the entry of this Order.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge