| | | |
|---|---|---|
| AMC DEMOLITION SPECIALISTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-466 |
| | ) | (Shirley) |
| BECHTEL JACOBS COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 9]. The undersigned conducted a status conference on October 31, 2005.

**I.    Motion to Intervene**

North Atlanta National Bank moves pursuant to Rule 24 of the Federal Rules of Civil Procedure to intervene in this action. [Doc. 33]. The parties advised the Court at the status conference that they do not oppose this motion. Accordingly, for good cause shown, North Atlanta National Bank's Motion for Permission to Intervene [Doc. 33] is **GRANTED**.

**II.    Motion to Amend**

The plaintiff previously filed a motion for leave to amend its complaint and for joinder of an additional defendant. [Doc. 18]. Specifically, the plaintiff seeks to amend its complaint

to assert additional allegations and damage claims; to add the Department of Energy as a defendant; and to assert a jury demand.

The defendants do not oppose the plaintiff's proposal to amend to allege additional allegations and damage claims. Accordingly, to this extent, the plaintiff's Motion for Leave to Amend Complaint and for Joinder of Additional Defendant [Doc. 18] is **GRANTED**.

The plaintiff has advised that the Court that it does not wish to add the Department of Energy as a party. Accordingly, the plaintiff's motion [Doc. 18] is **DENIED AS MOOT** insofar as the proposed amendment seeks to add this additional defendant.

Defendants, however, oppose the plaintiff's proposal to amend its complaint to assert a jury demand. They argue that the plaintiff's failure to make a timely demand for a trial by jury constitutes a waiver of that right pursuant to Rule 38(d) of the Federal Rules of Civil Procedure. [Doc. 20]. The plaintiff counters that the proposed amended complaint raises a "new issue" regarding events relating to the underlying case but which occurred after the filing of the original Complaint, and it asks the Court to exercise its discretion to order a trial by jury as to the issues in the original Complaint as well as those in the proposed Amended Complaint. [Doc. 25].

The plaintiff makes no demand for a jury in the original Complaint. [Doc. 1]. In that pleading, the plaintiff asserts a cause of action pursuant to Tenn. Code Ann. § 24-5-107. Specifically, the plaintiff alleges that it provided services or merchandise to the defendant in the amount of $373,667.84, as evidenced by a sworn account, and that while demand has been made on this account, the account remains unpaid. The plaintiff seeks an award of actual damages of $373,667.84, plus contractual and statutory pre-judgment and post-judgment interest, and attorney's fees.

2

The proposed Amended Complaint asserts a breach of contract action against the defendant arising out of multiple additional contracts the plaintiff had with the defendant to perform certain services involving real property owned by the United States Department of Energy. [Doc. 23 Ex. 1]. The plaintiff alleges that at all times, the plaintiff was able and willing to perform its obligations under the contracts, but that due to the actions of the defendant, the plaintiff was either prevented from completing its obligations under the contract or the cost of performance to the plaintiff was increased. The plaintiff alleges that it suffered losses in the amount of $1,124,268.00 due to the defendant's breach of contract. As for contracts terminated for convenience, the plaintiff claims bad faith on the part of the defendant. In addition to its actual damages, the plaintiff seeks consequential and punitive damages, as well as a trial by jury.

Rule 38 of the Federal Rules of Civil Procedure provides that a party may demand a jury trial on any issue that is triable of right by a jury by serving upon the other parties a written demand "at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue . . . ." Fed. R. Civ. P. 38(b). Failure to serve and file a jury demand as required by Rule 38(b) results in a waiver of that right. Fed. R. Civ. P. 38(d). "Such a waiver is complete and binding 'even though its was inadvertent and unintended and regardless of the explanation or excuse.'" Root v. Consolidated Freightways, No. 86-6149, 1987 WL 24092, at *1 (6th Cir. Dec. 1, 1987) (quoting Washington v. New York City Board of Estimate, 709 F.2d 792, 797-98 (2d Cir. 1983)).

An amended pleading that raises "new issues" entitles the requesting party to seek a jury trial on those issues under Rule 38(b). Fredieu v. Rowan Companies, Inc., 738 F.2d 651, 653 (5th Cir. 1984). However, an amended pleading that merely restates previously raised issues will

3

not revive the right to demand a jury trial if that right has already been waived. See Irvin v. Airco Carbide, 837 F.2d 724, 727 (6th Cir. 1987) ("The fact that an amended complaint was later filed is of no consequence when no new issues or facts are introduced."); Fredieu, 738 F.2d at 653. "If new issues are raised, they are not covered by an initial waiver because the waiving party has never had an opportunity to consider whether he wants a jury trial as to issues which were not previously part of the case." Rosen v. Dick, 639 F.2d 82, 94 (2d Cir. 1981).

The "new issues" raised by the amendment must present more than just a new theory of recovery; they also must involve new issues of fact. Fredieu, 738 F.2d at 653. "New issues sufficient to revive the right to a jury trial are not raised if the amended pleadings concern the same 'general area of dispute' as was raised in the original pleadings." Sunenblick v. Harrell, 145 F.R.D. 314, 317 (S.D.N.Y. 1993).

The plaintiff's Amended Complaint clearly asserts allegations which concern events arising after the filing of the original Complaint, and it asserts new claims for breach of contract. Accordingly, the Court finds that the Amended Complaint contains "new issues" permitting the plaintiff to seek a trial by jury on these newly raised issues.

The plaintiff argues that the Court should order a jury trial as to all issues in the case, including those alleged in the original Complaint. However, the plaintiff has waived its right to demand a jury trial on these issues. See Fed. R. Civ. P. 38(d). While the Court, in its discretion, may order a trial by jury of all or any issues, notwithstanding a party's failure to timely demand a jury trial, see Fed. R. Civ. P. 39(b), the Court declines to do so in this case. The plaintiff does not attempt to assert any good cause for its failure to timely assert a jury demand on its original claims. Moreover, ordering all of the issues in this case to be tried by a jury at this late date would unduly

4

Case 3:04-cv-00466  Document 37  Filed 11/30/05  Page 4 of 5  PageID #: 35

prejudice the other parties who reasonably relied on the plaintiff's decision not to demand a jury at the time of the filing of the original Complaint. See Rosen, 639 F.2d at 87-88 (noting that Rule 38 embodies the equitable principles of reasonable reliance and adequate notice).  Accordingly, to the extent that the plaintiff seeks to amend its complaint to demand a jury trial on the new claims raised in the Amended Complaint, the plaintiff's motion [Doc. 18] is **GRANTED**.  To the extent the motion seeks to add a jury demand as to the plaintiff's original claims, the motion [Doc. 18] is **DENIED**.

The Court acknowledges that its ruling today essentially requires that this case be tried twice: once before the Court on the sworn account and once before a jury on the breach of contract claims.  While such an arrangement may prove to be inefficient and unwieldy, the Court feels constrained to do so in order to accommodate the plaintiff's request for a jury trial on its new claims while protecting the interests of the other parties in this case.  While the plaintiff is entitled to proceed to trial in this fashion, the Court recognizes that, in light of the Court's ruling on this motion, the plaintiff may decide not to pursue its jury demand in the interest of resolving this matter in a more expedient and cost-effective manner.  If the plaintiff decides to withdraw its jury demand, it should advise the Court and the other parties in this case no later than **September 18, 2006**, the date of the pretrial conference, in order to avoid the imposition of court costs incurred in assembling the jury for trial.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge