UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AMC DEMOLITION SPECIALISTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-466 |
| | ) | (Shirley) |
| BECHTEL JACOBS COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 9].

The undersigned held a hearing on May 8, 2006, at which time the parties were advised of a possible conflict of interest arising from the fact that the undersigned recently learned that his brother-in-law is employed by the defendant Bechtel Jacobs Company, LLC ("BJC"). However, the Court noted that it did not know whether he had an interest that could be substantially affected by the outcome of the proceedings and did not know if he was likely to be a material witness in the proceedings. The parties requested an opportunity to consult with their clients regarding this potential conflict; the Court agreed that these matters should be inquired into, and the matter was rescheduled for May 11, 2006. BJC's counsel was able to confirm that the undersigned's brother-in-law is not involved in the contracts at issue; that he will not be a witness in this proceeding; and that he does not have an interest that would be substantially affected by this

litigation. At the hearing on May 11, 2006, the parties advised that none of them objected to the undersigned continuing to preside over this matter.

With respect to the plaintiff's Motion to Compel Mediation [Doc. 40] and Motion for Attorney Fees or in the Alternative Motion to Amend Plaintiff's Complaint to Assert an Additional Cause of Action for Breach of Contract [Doc. 44], the Court finds that the plaintiff's request [Doc. 44] for an award of attorney's fees incurred in preparing for mediation is well-taken and shall therefore be **GRANTED**. The Court finds that the defendant's cancellation of the agreed upon mediation date of March 13 and 14, 2006, while not done in bad faith, was untimely, and that the plaintiff had scheduled and prepared for such mediation in good faith. Accordingly, the Court finds that the plaintiff should be entitled to the costs incurred in preparing for mediation. The parties shall confer as to the amount of attorney's fees owed and submit an agreed order. If the parties are unable to reach an agreement on an amount, the parties shall contact the Court for further hearing on the matter.

In light of the Court's award of attorney's fees, the Court finds the alternative request [Doc. 44] in the plaintiff's motion to amend the complaint to assert an additional cause of action for breach of contract to be moot, and it therefore shall be **DENIED AS MOOT**.

The plaintiff's motion to compel mediation [Doc. 40] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge