UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMC DEMOLITION SPECIALISTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-466 |
| ) | (Shirley) |
| BECHTEL JACOBS COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM & ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 9].

Professional Project Services, Inc. ("Pro2Serve") moves, pursuant to Rules 52, 59, and 60 of the Federal Rules of Civil Procedure, for the Court to reconsider and to alter and amend its Order [Doc. 119] granting the Motion for Partial Summary Judgment of North Atlanta National Bank [Doc. 61]; granting the Motion for Partial Summary Judgment of California Bank & Trust [Doc. 68]; and denying the Motion for Summary Judgment of Pro2Serve [Doc. 71]. For grounds, Pro2Serve argues that the Court did not address Pro2Serve's claim that even in the absence of application of a construction trust fund statute such as the Tennessee Prompt Pay Act, federal courts have recognized the equitable lien of an unpaid subcontractor on funds remaining in the hands of an owner for payment for the subcontractor's work. Pro2Serve argues that the Court should reconsider its Order, address this independent equitable lien theory, and alter or amend its Order to

deny the summary judgment motions of North Atlanta National Bank and California Bank & Trust, and to grant the Motion for Summary Judgment of Pro2Serve. [Doc. 120].

North Atlanta National Bank and California Bank & Trust both oppose Pro2Serve's motion, arguing that Pro2Serve has not alleged sufficient grounds for reconsideration of the Court's Order and that Pro2Serve is not entitled to an equitable lien on any funds recovered by AMC from Bechtel Jacobs. [Docs. 123, 125].

In opposing California Bank & Trust's and North Atlanta National Bank's motions for partial summary judgment, Pro2Serve argued that the rights of unpaid subcontractor and suppliers to contract funds in the hands of an owner on a federal government project have long been recognized. Pro2Serve cited Philadelphia National Bank v. McKinlay, 72 F.2d 89 (D.C. Cir. 1934) and Pearlman v. Reliance Insurance Company, 371 U.S. 132 (1962), arguing that "[t]hese cases demonstrate that on a federal construction project, the funds held by the government for a subcontractor's work are the property of the subcontractor and are not subject to the claims of the contractor's creditors." Accordingly, even if the Tennessee Prompt Pay Act is not applicable, Pro2Serve argued that the superior rights of an unpaid subcontractor on a federal government project to funds remaining in the hands of the government is a well-established federal doctrine and thus entitled Pro2Serve to priority over the banks to the funds held by Bechtel Jacobs.

The Court finds the McKinlay and Pearlman decisions relied upon by Pro2Serve to be distinguishable from the facts at issue in this case. Both of these cases involve the equitable principle of subrogation as it relates to sureties for government contractors. Neither of these cases addresses the issue before this Court, *i.e.*, whether a prior perfected secured lender has priority over

2

an unsecured subcontractor in funds held by the government.  Accordingly, the Court does not find either McKinlay or Pearlman to be persuasive in the instant case.

For the foregoing reasons, the Motion of Professional Project Services, Inc. for Reconsideration, Alteration, and Amendment of Order and Judgment [Doc. 120] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge