UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AMC DEMOLITION SPECIALISTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-cv-466 |
| | ) | (Shirley) |
| BECHTEL JACOBS COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment. [Doc. 9].

**I.     Pro2Serve's Motion to Amend**

Intervening Plaintiff Professional Project Services, Inc. ("Pro2Serve") moves for leave to file an amended complaint against AMC Demolition Specialists, Inc. ("AMC") and to file cross-claims against North Atlanta National Bank ("NANB") and California Bank & Trust ("CALBT"). For grounds, Pro2Serve asserts that the purpose of the proposed amendment and cross-claims is to seek an equitable remedy of an order requiring marshaling of all of the assets that were pledged to the banks as security for AMC's debts to the banks and requiring the banks to exhaust those other sources of payment before proceeding against the funds held by Bechtel Jacobs

Company, LLC ("BJC") for the HRE project, which is the only asset of AMC in which Pro2Serve has an interest. [Doc. 127].

NANB, CALBT, and AMC have all filed responses [Docs. 130, 131, 132], opposing Pro2Serve's motion. In opposition, these parties argue that Pro2Serve is merely trying to circumvent the prior Orders of this Court, which held that NANB and CALBT have prior perfected security interests and therefore have priority over Pro2Serve. The parties further argue that the doctrine of marshaling of assets is inapplicable to the facts of this case.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

Upon review of Pro2Serve's proposed amended complaint and cross-claims, the Court cannot say that Pro2Serve's claim for equitable relief is futile as a matter of law. Moreover, the Court finds that the parties would not be unduly prejudiced by these proposed amendments. Accordingly, for good cause shown, the Motion of Professional Project Services, Inc. for Leave to File Amended Complaint and to File Cross-Claims [Doc. 127] is **GRANTED**. Pro2Serve is hereby **DIRECTED** to file its amended complaint and cross-claims within ten (10) days of the entry of this Order.

## II. AMC's Motion for Sanctions

AMC moves the Court for an Order awarding AMC sanctions as a result of BJC's failure to mediate this case in good faith. [Doc. 129]. For grounds, AMC states that at the December 15, 2006, mediation, BJC had authority only to offer settlement of direct costs as determined by a DOE audit of the amount and allocability of the claimed costs. AMC argues that another audit is unnecessary, as AMC's books and records have always been open for inspection and have already been examined by counsel for BJC and by representatives of BJC. AMC further argues that there is no dispute as to the vast majority of direct expenses claimed, but BJC has refused to resolve at least this portion of the claim. AMC contends that BJC's actions are contrary to the purpose and the language of the parties' contract[1] and contrary to this Court's prior Order [Doc. 118] ordering the parties to mediate this case in good faith. Accordingly, AMC seeks an award of its attorney's fees and costs incurred as a result of this unsuccessful mediation.

BJC opposes AMC's motion, arguing that AMC has failed to show any evidence of BJC's lack of good faith in the attempted mediation. Specifically, BJC argues that it made a good faith offer of settlement at the mediation, but that AMC is simply dissatisfied with the amount; that an additional audit is necessary because questions regarding the amount, allocability, and support for AMC's claimed costs still exist; and that questions of fact remain as to whether all of the direct

---

[1]Section GC-4 of the parties' contract provides as follows:

> The Parties agree to make good faith efforts to settle any dispute or claim that arises under this Subcontract through discussion and negotiation. If such efforts fail to result in a mutually agreeable resolution, the Parties shall consider the use of alternative dispute resolution (ADR).

costs claimed by AMC are reasonable, allocable, and not previously covered by amounts already paid to AMC by BJC. [Doc. 133].

Upon review of the pleadings, the Court cannot say that BJC mediated this case in bad faith. Accordingly, the Court concludes that AMC's request for sanctions is not warranted, and the Plaintiff's Motion for Sanctions Against Defendant Bechtel Jacobs for Failing to Mediate in Good Faith [Doc. 129] is therefore **DENIED**.

**IT IS SO ORDERED.**

ENTER:


　　　　s/ C. Clifford Shirley, Jr.　　
United States Magistrate Judge